No. 24-1363

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

PUBLIC SAFETY SPECTRUM ALLIANCE; PUBLIC SAFETY BROADBAND TECHNOLOGY ASSOCIATION,

Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,

Respondents.

**PETITION FOR REVIEW**

Andrew J. Pincus
Carmen N. Longoria-Green
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
(202) 263-3000
apincus@mayerbrown.com

*Counsel for Petitioners*

Pursuant to 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342(1) and 2344, 5 U.S.C. § 706, Federal Rule of Appellate Procedure 15(a), and D.C. Circuit Rule 15, Petitioners Public Safety Spectrum Alliance ("PSSA") and Public Safety Broadband Technology Association ("PSBTA") hereby petition the Court for review of the final order of the Federal Communications Commission ("FCC"), captioned *Amendment of Part 90 of the Commission's Rules*, Eighth Report and Order, WP Docket No. 07-100 (rel. Oct. 22, 2024) ("Order"). The Order was published in the Federal Register on November 20, 2024. *See* Improving Public Safety Communications in the 4.9 GHz Band, 89 Fed. Reg. 91,578 (Nov. 20, 2024). A copy of the Order is attached as Exhibit A.

The PSSA is an initiative of the PSBTA. PSSA's members include public safety officials and organizations. PSBTA's members also include public safety officials and organizations. Both organizations aim to ensure that first responders nationwide are able to use the most technologically advanced communications capabilities available to address the challenges they face as first responders. One element essential for effective communications is the availability of spectrum best suited for the new communication technologies used by first responders, including the 4940–4990 MHz band ("4.9 GHz band"). Because of the importance of these issues to the organizations' members, PSSA—on its own behalf and as an initiative of PSBTA—submitted comments to the FCC in connection with the proceeding that

1

resulted in issuance of the Order. *See* Comments, WP Docket No. 07-100 (filed Apr. 12, 2023), https://www.fcc.gov/ecfs/document/10412832027561/1 ("Apr. 2021 Comments"); Comments, WP Docket No. 07-100 (filed Nov. 29, 2021), https://www.fcc.gov/ecfs/document/112921587961/1; Response to CERCI Written Ex Parte, WP Docket No. 07-100 (filed May 24, 2024), https://www.fcc.gov/ecfs/document/105241118927832/1.

The FCC Order aims to take a "major step towards ensuring that the [4.9 GHz band] is efficiently and intensely utilized in support of public safety missions nationwide" by permitting "the First Responder Network Authority (FirstNet)" to "use unassigned spectrum in the 4.9 GHz band as part of its nationwide public safety broadband network." Order ¶ 1. The FCC sought to accomplish this goal "as quickly … as possible." *Id.* ¶ 21. And while the Order makes admirable progress toward this goal, the FCC overlooked important aspects of the problem, alternative approaches, and other matters raised in the record that would have allowed FirstNet to gain access to the 4.9 GHz band more quickly and with more certainty—thereby better achieving the FCC's laudable objectives. For just one example, the FCC declined to adopt Petitioners' request that the agency eliminate all geographic-area licenses and replace them with site-by-site licenses. *See* Apr. 2021 Comments 16-17; Order ¶¶ 56-59.

This and other errors have injured Petitioners and their members by, among other things, (i) injecting unnecessary delay into the delivery of important services that FirstNet would provide first responders using the 4.9 GHz band, and (ii) depriving Petitioners' members of certainty to plan for the integration of such services.

This Court has jurisdiction pursuant to 28 U.S.C. § 2344. Venue is proper in this Court. *See* 28 U.S.C. § 2343. PSSA and PSBTA have associational standing to bring this matter because their members would otherwise have standing to sue in their own right; the interests PSSA and PSBTA seek to protect are germane to their purpose; and neither the claims asserted nor the relief requested requires the participation of Petitioners' individual members in the lawsuit. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023).

Because of the errors made by the Commission in considering how best to achieve the Order's admirable objectives, the aspects of the Order challenged by Petitioners are contrary to law, arbitrary, capricious, an abuse of discretion, and otherwise violate the Administrative Procedure Act. *See* 5 U.S.C. § 706. Petitioners

ask that the Court hold the Order unlawful in part, remand to the agency for it to correct its errors, and grant any other necessary and proper relief.

Respectfully submitted.

*/s/ Andrew J. Pincus*
Andrew J. Pincus
Carmen N. Longoria-Green
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
apincus@mayerbrown.com

*Counsel for Petitioners*

Dated: November 26, 2024

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, Public Safety Spectrum Alliance ("PSSA") states that it is an alliance of the nation's leading public safety officials and organizations that aims to ensure that first responders nationwide are able to use the most technologically advanced communications capabilities that address the difficult, life-threatening challenges they face as first responders protect America. PSSA is an initiative of the Public Safety Broadband Technology Association ("PSBTA"). PSSA and PSBTA advocate for their members and operate as trade associations within the meaning of Circuit Rule 26.1(b). PSBTA is operated by Public Safety 360, LLC. Public Safety 360, LLC has no parent corporation and no publicly held corporation has a 10% or greater ownership interest in Public Safety 360, LLC.

/s/ Andrew J. Pincus
Andrew J. Pincus
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
apincus@mayerbrown.com

*Counsel for Petitioners*

# CERTIFICATE OF SERVICE

I, Andrew J. Pincus, certify that on this 26th day of November, 2024, I caused this Petition to be served on the Clerk of this Court through the CM/ECF system. I further certify that I will serve a copy of the Petition on the following counsel by the manner indicated:

*By Electronic Mail and Certified Mail*

P. Michele Ellison
General Counsel
Federal Communications Commission
45 L Street, NE
Washington, DC 20554
LitigationNotice@fcc.gov

*By Certified Mail*

Merrick B. Garland, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ Andrew J. Pincus
Andrew J. Pincus
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
apincus@mayerbrown.com