# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

| | |
|---|---|
| **No. 24-1363** | **September Term, 2024** |
| | **FCC-89FR91578** |
| | **FCC-89FR97559** |
| | Filed On: May 6, 2025 |

Public Safety Spectrum Alliance and Public
Safety Broadband Technology Association,

       Petitioners

       v.

Federal Communications Commission and
United States of America,

       Respondents

------------------------------

Coalition for Emergency Response and
Critical Infrastructure and San Francisco Bay
Area Rapid Transit District,
       Intervenors

------------------------------

Consolidated with 24-1364, 25-1028, 25-1034

      **BEFORE:**    Henderson, Wilkins, and Childs, Circuit Judges

## O R D E R

Upon consideration of the joint briefing proposal, it is

**ORDERED** that the following briefing schedule and format will apply in these consolidated cases:

| | |
|---|---|
| Joint Brief for Petitioners CERCI, NSA/CSSA, and BART (not to exceed 11,000 words) | June 3, 2025 |
| Brief for Petitioner PSSA (not to exceed 9,000 words) | June 3, 2025 |

| | |
|---|---|
| Brief for Respondents<br>(not to exceed 20,000 words) | August 4, 2025 |
| Joint Brief for Respondent-Intervenors CERCI and BART<br>(not to exceed 4,500 words) | August 11, 2025 |
| Joint Brief for Respondent-Intervenors PSSA and Fraternal Order of Police<br>(not to exceed 5,500 words) | August 11, 2025 |
| Joint Reply Brief for Petitioners CERCI, NSA/CSSA, and BART<br>(not to exceed 5,500 words) | September 3, 2025 |
| Reply Brief for Petitioner PSSA<br>(not to exceed 4,500 words) | September 3, 2025 |
| Deferred Appendix | September 10, 2025 |
| Final Briefs | September 17, 2025 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening briefs.  The court ordinarily will not consider issues and arguments raised for the first time in the reply briefs.

To enhance the clarity of their briefs, the parties are urged to limit the use of

abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2024); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                               **FOR THE COURT:**
                                               Clifton B. Cislak, Clerk

                             BY:   /s/
                                       Selena R. Gancasz
                                       Deputy Clerk